UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES RICHARD POOLE,

                Plaintiff,

v.                                                             1:18-CV-0267
                                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

FREDERICK LAW OFFICES, PLLC          SARAH FREDERICK, ESQ.
  Counsel for Plaintiff
50 Fountain Plaza, Ste. 1400
Buffalo, NY 14202

U.S. SOCIAL SECURITY ADMIN.           FRANCIS TANKARD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  PADMA GHATAGE, ESQ.
  Counsel for Defendant                       SUSAN MEEHAN, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks further proceedings, and the Commissioner's motion is denied.

**I.**     **RELEVANT BACKGROUND**

### A.   Factual Background

Plaintiff was born in 1971.  (T. 391.)  He completed high school.  (T. 519.)  Generally, Plaintiff's alleged disability consists of torn labrum in the right shoulder; bulging disk in neck; herniated disks in neck; back fusion; and high blood pressure.  (T. 518.)  His alleged disability onset date is January 14, 2014.  (T. 391.)  His date last insured is December 31, 2019.  (T. 502.)  His past relevant work consists of cable television installer.  (T. 21, 519.)

### B.   Procedural History

On September 29, 2014, Plaintiff applied for Disability Insurance Benefits ("SSD") under Title II of the Social Security Act.  (T. 391.)  Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On January 12, 2017, Plaintiff appeared before the ALJ, John Aletta.  (T. 344-390.)  On February 24, 2017, ALJ Aletta issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 8-29.)  On December 22, 2017, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-7.)  Thereafter, Plaintiff timely sought judicial review in this Court.  While Plaintiff's case was pending before this Court, he was subsequently approved on a new claim for disability benefits beginning March 2, 2017.  (Dkt. No. 16 at 1.)

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 13-24.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2019 and Plaintiff had not engaged in substantial

gainful activity since January 14, 2014.  (T. 13.)  Second, the ALJ found Plaintiff had the severe impairments of: degenerative disk disease of the lumbar and cervical spine(s), spondylosis of the lumbar and cervical spine(s), status-post lumbar fusion, right shoulder labral tear, status-post arthroscopic surgery of the right shoulder and peripheral neuropathy, deformity of malleolus of left ankle.  (T. 14.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional limitations.  (T. 15.)[1]  The ALJ determined Plaintiff:

> must have the option to sit for up to 10 minutes after standing for 15 minutes and the option to stand for up to 10 minutes after sitting for 15 minutes.  He cannot walk more than 200 feet at one time without having the option to stop and either sit or stand for up to five minutes, while continuing to work.  He requires the use of a cane for walking.  He can occasionally reach overhead with his right dominant arm, can frequently handle with his right dominant hand and can frequently feel with his right dominant hand.  He can occasionally climb ramps and stairs, but he could never climb ladders, ropes or scaffolds.  He could occasionally balance, occasionally stoop, occasionally kneel, occasionally crouch and occasionally crawl.  Additionally, [Plaintiff] cannot have concentrated exposure to unprotected heights and moving mechanical parts and he cannot operate a motor vehicle.

(*Id*.)  Fifth, the ALJ determined Plaintiff was unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 21-23.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

---

[1]    Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 404.15567(a).

Plaintiff makes three separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ should have found him disabled at step three because his spinal impairment satisfies the criteria of Listing 1.04A.  (Dkt. No. 10 at 25-28.)  Second, Plaintiff argues the ALJ failed to properly evaluate the opinion evidence of record.  (*Id*. at 28-30.)  Third, and lastly, Plaintiff argues the ALJ erred in failing to support the RFC with opinion evidence from a treating, examining, or reviewing medical source.  (*Id*. at 30-31.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 16.)

### B. Defendant's Arguments

In response, Defendant makes three arguments.  First, Defendant argues substantial evidence supported the ALJ's finding that Plaintiff's impairment did not meet or equal the requirements of any listing.  (Dkt. No. 13 at 11-16.)  Second, Defendant argues substantial evidence supported the ALJ's RFC finding.  (*Id*. at 16-26.)  Third, and lastly, Defendant argues the ALJ properly found Plaintiff not disabled.  (*Id*. at 26-27.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard

to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

    **B.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

For ease of analysis, Plaintiff's arguments will be address out of order and in a consolidated manner.

**A.   Medical Opinion Evidence and RFC Determination**

Plaintiff argues the ALJ failed to properly assess the medical opinion evidence in the record.  (Dkt. No. 10 at 28-30.)  Specifically, Plaintiff argues the ALJ failed to apply the factors set forth in the regulations in his analysis of the medical opinions in the record.  (*Id.*)  Plaintiff makes the related argument that the ALJ committed legal error in formulating an RFC that "did not correlate with any of the opinions from Plaintiff's treating or examining sources in the record." (*Id*. at 30.)  For the reasons outline herein, remand is necessary for clarification concerning the evaluation of opinion evidence in the record and ultimate RFC determination.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).

In assessing the medical opinion evidence in the record, the ALJ will afford the opinion of a treating source controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. § 404.1527(c)(2)[2].

As an initial matter, Plaintiff was injured while working and therefore many treatment notations and treating source statements relate to his Worker's Compensation claim. For example, treating physician Gerald Coniglio, M.D., stated Plaintiff was "temporarily 100% disabled" and "totally disabled." (T. 895, 906.) Another treating

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

source, Edward Simmons, M.D., opined Plaintiff had a "total disability."  (T. 589, 598.)  The ALJ afforded Dr. Coniglio's disability statements "little weight" and "no weight."  (T. 19, 20.)  The ALJ afforded Dr. Simmons's disability statements "no weight."  (T. 18, 20.)

Contrary to Plaintiff's assertion, not all statements made by treating sources must be examined under the treating physician rule.  As stated in *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 77 (2d Cir. 2018):

> [u]nder the treating physician rule, the ALJ must generally defer to well-supported medical opinions of a claimant's treating physician.  *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  This rule does not apply, however, to administrative findings, which are "reserved to the Commissioner."  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(d).  As section 404.1527(d)(1) of the regulations provides, "[o]pinions on some issues ... are not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case."  The regulation explains that the Commissioner is responsible for making a determination about whether a claimant "meet[s] the statutory definition of disability."  20 C.F.R. § 404.1527(d)(1). *See* Social Security Ruling 96-5p, 61 Fed. Reg. 34471 (July 2, 1996) ("[S]ome issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case. The following are examples of such issues: ... Whether an individual is 'disabled' under the Act.").  A bald statement that a claimant is "disabled" represents an administrative finding, not a medical opinion.

Therefore, the ALJ was not obligated to assess the doctors' statements under the treating physician rule and the ALJ properly concluded he was not bound by a finding of disability from another agency.  (T. 18, 20); 20 C.F.R. § 404.1527(d) (the ultimate finding of whether a plaintiff is disabled and cannot work is "reserved to the Commissioner").

Although the ALJ properly determined Dr. Simmons's disability assessments were entitled to little, or no, weight the ALJ's analysis of the doctor's treatment notations contained errors that require clarification on remand.  The ALJ outlined medical

treatment, including surgery, Plaintiff received from Dr. Simmons.  (T. 17-18.)  In his summarization and assessment of Dr. Simmons's treatment, the ALJ stated he afforded the opinion of "Dr. Zimmerman" "partial weight."  (T. 18.)  In support of his conclusion the ALJ cited to Dr. Simmons's notations.  (*Id.*)  Plaintiff received treatment from Kenneth Zimmerman, M.D., and the record contains treatment notations; however, the doctor did not provide a medical source opinion.  (T. 950-984.)  The ALJ's decision does not include a discussion of treatment received from Dr. Zimmerman.  The ALJ's error prevents meaningful review because his analysis, and subsequent weighing, of Dr. Simmons's and Dr. Zimmerman's treatment is not clear from the decision.  *See Merkley v. Comm'r of Soc. Sec.*, No. 7:16-CV-1394, 2017 WL 4512448, at *7 (N.D.N.Y. Oct. 10, 2017) (ALJ's "failure to state what weight he afforded this opinion makes it impossible to review whether the ALJ's consideration of this opinion was consistent with the standards outlined in the regulations because there is no clear indication of the degree to which the ALJ relied on it").  This error should be addressed on remand.

      As with Dr. Simmons's statements of Plaintiff's disability status, the ALJ properly afforded no weight to Dr. Coniglio's statements concerning Plaintiff's disability status.  (T. 18, 20.)  Plaintiff argues Dr. Coniglio provided specific functional limitations that the ALJ failed to address.  (Dkt. No. 10 at 29.)  A review of the record indicates Plaintiff misread Dr. Coniglio's treatment notations.  Although Dr. Coniglio's treatment notations contained specific functional limitations, the limitations were a recitation of Plaintiff's subjective complaints, not Dr. Coniglio's opined limitations.

      On January 21, 2016, Dr. Coniglio's treatment notations contained the following statements, under the heading "Current Complaints," subheading "Capabilities:"

"[Plaintiff] can walk about 10 minutes or about 20 yards; he can sit for 20 minutes on a soft chair; he can lift about 5lbs with the right hand and 5lbs with the left at tabletop level; he can drive a car for short trips, he drove himself here today about 15 to 20 minutes."  (T. 908.)  Dr. Coniglio's treatment notations contained another heading "Conclusions/Opinions/Requested Issues."  (T. 915-916.)  Under that heading Dr. Coniglio did not provide specific functional limitations.  (*Id.*)  Although the statements contained in Dr. Coniglio's notations were subjective, they may provide useful insight into the evaluation of Plaintiff's subjective complaints.  On remand the ALJ may consider Plaintiff's statements to Dr. Coniglio as he sees necessary.

The only medical source statement in the record was provided by consultative examiner, Samuel Balderman, M.D.  On November 10, 2014, Samuel Balderman, M.D., examined Plaintiff, reviewed x-rays, and provided a medical source statement.  (T. 703-708.)  Dr. Balderman opined Plaintiff had "marked limitation in bending and lifting," "marked limitation for prolonged standing and prolonged sitting," and "moderate to marked limitation in kneeling and climbing due to left knee pain."  (T. 706.)

The ALJ afforded Dr. Balderman's opinion "partial weight."  (T. 19.)  Of note, although the ALJ outlined Dr. Balderman's objective findings on examination, the ALJ's decision did not contain the doctor's actual medical source statement.  (T. 18-19.)  The ALJ concluded Dr. Balderman's assessment lacked "a detailed analysis" of Plaintiff's functional abilities and appeared "vague at times."  (T. 19.)  The ALJ concluded his RFC was supported, in part, by Dr. Balderman's "benign examination findings."  (*Id.*)  Therefore, despite claiming to afford "partial weight" to Dr. Balderman's opinion, the ALJ rejected his conclusions regarding Plaintiff's physical limitations and instead concluded

the doctor's benign findings supported his RFC.  *Winter v. Comm'r of Soc. Sec.*, No. 18-CV-632, 2020 WL 2465080, at *4 (W.D.N.Y. May 12, 2020) ("Despite claiming to give "partial weight" to two of the relevant medical opinions, the ALJ clearly rejected the conclusions of those opinions as to residual functional capacity and instead opted to reach his own conclusion regarding Winter's functional limitations.").  The ALJ failed to properly assess Dr. Balderman's opinion.

Although terminology such as "moderate" and "marked" may appear vague on their face, such terms are not too vague to constitute substantial evidence where the "examiner conducts a thorough examination and explains the basis for the opinion." *Filer v. Comm'r of Soc. Sec.*, 435 F. Supp. 3d 517, 524 (W.D.N.Y. 2020) (internal citations and quotation omitted).  Because Dr. Balderman's opinion was the only medical opinion of evidence in the record, his opinion was based on his examination of Plaintiff and review of objective imagining, and his limitations were more restrictive than the ALJ's RFC, more analysis is required before dismissing his opinion.  (T. 709); *see York v. Comm'r of Soc. Sec.,* 357 F. Supp. 3d 259, 261 (W.D.N.Y. 2019) (ALJ erroneously rejected opinion of consultative examiner whose opinion was the only medical opinion evidence of record and the ALJ relied on his own lay interpretation of raw medical data to find plaintiff could perform sedentary work).

Dr. Balderman's opinion, that Plaintiff had marked limitations for standing and sitting, is contrary to the ALJ's RFC for sedentary work.  *See York*, 357 F. Supp. 3d at 261 (consultative examiner's opinion of moderate to marked limitations in standing, walking, bending, lifting and carrying and moderate limitations in sitting for more than thirty minutes at a time was inconsistent with sedentary work); *see Petersen v. Astrue*, 2

F. Supp. 3d 223, 233 (N.D.N.Y. 2012) (consultative examiner's findings of marked limitations for walking, standing, bending, pushing, pulling, lifting and carrying and moderate limitations for sitting and reading were at odds with the ALJ's conclusion that Plaintiff retained the RFC to perform sedentary work).

Overall, the ALJ's dismissal of Dr. Balderman's opinion based on "vague" language alone was insufficient.  A more thorough analysis is required before the ALJ can discard evidence of greater limitations than provided in the RFC.  *See Montanez v. Berryhill*, 334 F. Supp. 3d 562, 565 (W.D.N.Y. 2018) (remand necessary where the ALJ "failed to sufficiently explain his decision *not* to credit any of the evidence of *greater* [...] limitations"); *see Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 298 (W.D.N.Y. 2006) ("With no explanation provided, it is not possible for the Court to know why, [...] the ALJ chose to disregard the evidence that was more favorable to plaintiff's claim.").

Remand is also required because the ALJ failed to provide sufficient analysis connecting Dr. Balderman's "benign" findings, or any findings in the record, to his RFC determination.  To be sure, remand is not necessary merely because the ALJ failed to conduct an explicit function-by-function analysis at step four.  *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  However, remand may be appropriate where there are "inadequacies in the ALJ's analysis [that] frustrate meaningful review."  *Cichocki,* 729 F.3d at 177.

Although the ALJ summarized Plaintiff's treatment notations and Dr. Balderman's examination findings, it is unclear from the ALJ's written decision what evidence in the record he relied on in formulating the RFC determination.  The ALJ stated his RFC determination was supported by Dr. Balderman's "generally benign examination

12

findings" and the "generally benign findings" of Michael Stoffman, M.D. (T. 19-20.) However, the ALJ failed to provide any further discussion or rationale to support his RFC. For example, the ALJ determined Plaintiff could not walk more than 200 feet at one time without having the option to stop and either sit or stand for up to five minutes. (T. 15.) A review of the ALJ's decision and record fails to provide any substantial evidence in the record to support this determination. In other words, the ALJ failed to "simply explain the link between his RFC assessment and the record evidence supporting that assessment." *Paul v. Colvin*, No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016).

Meaningful review is further frustrated because the ALJ failed to include findings on exam favorable to Plaintiff. For example, in his summation of Dr. Balderman's "benign" findings on examination, the ALJ listed all of the doctor's findings; however, the ALJ excluded the doctor's findings of reduced range of motion of the lumbar spine and reduced range of motion in the left knee. (Compare T. 18-19 with T. 705.) The ALJ further relied on Dr. Stoffman's "benign findings" (T. 20); however, despite his findings on examination the doctor concluded Plaintiff's spinal surgery "failed" and revision surgery was indicated (T. 750). An ALJ cannot "pick and choose evidence in the record that supports his conclusions." *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004).

In sum, remand is necessary for a proper evaluation of Dr. Balderman's opinion and subsequent RFC determination.

**B.     Plaintiff's Remaining Argument**

Plaintiff argues the ALJ erred in his step three determination that Plaintiff's back impairments did not meet Listing 1.04A.  (Dkt. No. 10 at 25-28.)  Because remand is necessary for a proper evaluation of the medical evidence in the record, the ALJ should further reassess his step three analysis and determination on remand.

**ACCORDINGLY**, it is

  **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **<u>GRANTED</u>**; and it is further

  **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **<u>DENIED</u>**; and it is further

  **ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:  August 17, 2020

                _/s/ Bill Carter_
                William B. Mitchell Carter
                U.S. Magistrate Judge